# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**JOSHUA A. YOUNG,**

   **Plaintiff,**

**v.**                                                          **Civil Action No. 2:19-cv-00559**
                                                               **Honorable Thomas E. Johnston**

**CORPORAL ARTHUR MUNCY;**
**CAPTAIN RONNIE THOMPSON; and**
**BETSY JIVIDEN, Commissioner of the**
**West Virginia Division of Corrections and**
**Rehabilitation,**

   **Defendant.**

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT CORP. MUNCY (NOW SGT. MUNCY)

**COMES NOW**, Defendant Corp. Muncy (now Sgt. Muncy), by counsel, the law firm of

Bailey & Wyant, PLLC, and John P. Fuller, and for his Answer and Affirmative Defenses shows this

Court the following:

### First Defense

This Defendant asserts that the Plaintiff has failed to allege any claim or cause of action for

which relief may be granted, therefore, it is proper for this Court to enter an Order dismissing

Plaintiff's Complaint.  Moreover, Plaintiff's Complaint and claims should be dismissed due to

Plaintiff's failure to exhaust the required administrative remedies. Additionally, as the instant action

was brought by the Plaintiff frivolously, maliciously and with the intent to harass Sgt. Muncy, it is

proper for this Court to Order that Plaintiff, according to the Complaint an Inmate at Salem

Correctional Center, forfeit any and all earned good-time credit pursuant to West Virginia Code §

25-1A-6.

## Second Defense

This Defendant specifically denies each and every allegation contained in Plaintiff's Complaint, not specifically admitted to herein. With regard to the specific individual paragraphs contained in Plaintiff's Complaint, this Defendant asserts the following:

1. This Defendant denies the allegations contained in Paragraph 1 of the Plaintiff's Complaint and, therefore, demands strict proof thereof. To the extent Plaintiff seeks any declaratory or injunctive relief against this Defendant, the same is moot as the Plaintiff was transferred from the custody of the South Central Regional Jail prior to the filing of the instant action and, unless and until the Plaintiff is charged with further crimes, will not be housed within the South Central Regional Jail.

2. Paragraph 2 of the Complaint contains only conclusions of law to which no response is required. To the extent any further response is required to Paragraph 2 of the Complaint, this Defendant denies the same and, therefore, demands strict proof thereof.

3. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof. Additionally, based upon the allegations contained in Paragraph 3 of the Complaint, to the extent the Plaintiff is seeking any declaratory or injunctive relief against this Defendant the same is moot as the Plaintiff clearly alleges that, at the time of the filing of the Complaint, the Plaintiff was no housed at the South Central Regional Jail.

4. This Defendant admits that Betsy Jividen is the Commissioner of the WVDCR. With regard to the remainder of the allegations contained in Paragraph 4 of the Complaint, this Defendant denies the same and, therefore, demands strict proof thereof.

5.      This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 5 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

6.      This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

7.      This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

8.      This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof. This Defendant further asserts that the Plaintiff has no standing to seek declaratory and prospective injunctive relief as, at the time of the filing of the Complaint, the Plaintiff was not housed at the South Central Regional Jail.

9.      This Defendant admits that Capt. Ronnie Thompson was a Correctional Officer assigned to the South Central Regional Jail. With regard to the remainder of the allegations contained in Paragraph 9 of the Complaint, this Defendant denies the same and, therefore, demands strict proof thereof.

10.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

11.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Plaintiff's Complaint and, therefore, denies the same and demands

strict proof thereof.

12.     This Defendant admits that he is employed by the WVDCR and is assigned to the Sough Central Regional Jail. This Defendant admits that he previously held the rank of Corporal. The remainder of Paragraph 12 contains only conclusion of law to which no response is required. To the extent that any further response is required to Paragraph 12 of the Complaint, this Defendant denies the same and, therefore, denies strict proof thereof.

13.     This Defendant denies the allegations contained in Paragraph 13 of the Complaint and, therefore, demands strict proof thereof.

14.     Paragraph 14 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

15.     Paragraph 15 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

16.     Paragraph 16 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

17.     Paragraph 17 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

18.     Paragraph 18 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

19. Paragraph 19 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

20. Paragraph 20 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

21. Paragraph 21 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

22. Paragraph 22 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

23. Paragraph 23 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

24. Paragraph 24 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

25. Paragraph 25 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

26. Paragraph 26 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and,

therefore, demands strict proof thereof.

27.    Paragraph 27 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

28.    Paragraph 28 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

29.    Paragraph 29 of the Complaint contains only conclusion of law to which no response is required. To the extent any further response is required, this Defendant denies the same and, therefore, demands strict proof thereof.

30.    This Defendant admits that the Plaintiff was incarcerated in the South Central Regional Jail. With regard to the remainder of the allegations contained in Paragraph 30 of the Complaint, this Defendant is without sufficient information to admit or deny the same and, therefore, denies the same and demands strict proof thereof.

31.    This Defendant denies the allegations contained in Paragraph 31 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

32.    This Defendant denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

33.    This Defendant denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

34.    This Defendant denies the allegations contained in Paragraph 34 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

35.    This Defendant denies the allegations contained in Paragraph 35 of the Plaintiff's

Complaint and, therefore, demands strict proof thereof.

36.     This Defendant denies the allegations contained in Paragraph 36 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

37.     This Defendant denies the allegations contained in Paragraph 37 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

38.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 38 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

39.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 39 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

40.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 40 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

41.     This Defendant denies the allegations contained in Paragraph 41 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

42.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 42 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

43.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 43 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

44.     This Defendant denies the allegations contained in Paragraph 44 of the Plaintiff's

Complaint and, therefore, demands strict proof thereof.

45. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 45 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

46. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 46 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

47. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 47 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

48. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 48 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

49. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 49 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

50. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 50 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

51. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 51 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

52. This Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 52 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

53.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 53 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

54.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

55.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 55 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

56.     This Defendant admits that he became aware of the Plaintiff's false and malicious allegations. To the extent that any further response is required to Paragraph 56 of the Plaintiff's Complaint, this Defendant denies the same and, therefore, demands strict proof thereof.

57.     Upon information and belief, this Defendant believes that he continued working in all pods following the false and malicious allegations made by the Plaintiff. To the extent that any further response is required to Paragraph 57 of the Plaintiff's Complaint, this Defendant denies the same and, therefore, demands strict proof thereof.

58.     This Defendant denies the allegations contained in Paragraph 58 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

59.     This Defendant denies the allegations contained in Paragraph 59 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

60.     This Defendant denies the allegations contained in Paragraph 60 of the Plaintiff's

Complaint and, therefore, demands strict proof thereof.

61.     This Defendant denies the allegations contained in Paragraph 61 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

62.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 62 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

63.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 63 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

64.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 64 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

65.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 65 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

66.     This Defendant denies the allegations contained in Paragraph 66 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

67.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 67 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

68.     This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 68 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

69. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 69 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

70. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 70 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

71. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 71 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

72. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 72 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

73. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 73 of the Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

74. This Defendant denies the allegations contained in Paragraph 74 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

75. This Defendant denies the allegations contained in Paragraph 75 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

76. Having previously responded to Paragraphs 1-75, this Defendant reasserts each as if fully contained herein.

77. This Defendant denies the allegations contained in Paragraph 77 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

78.     This Defendant denies the allegations contained in Paragraph 78 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

79.     This Defendant denies the allegations contained in Paragraph 79 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

80.     This Defendant denies the allegations contained in Paragraph 80 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

81.     This Defendant denies the allegations contained in Paragraph 81 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

82.     This Defendant denies the allegations contained in Paragraph 82 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

83.     This Defendant denies the allegations contained in Paragraph 83 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

84.     This Defendant denies the allegations contained in Paragraph 84 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

85.     This Defendant denies the allegations contained in Paragraph 85 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

86.     This Defendant denies the allegations contained in Paragraph 86 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

87.     This Defendant denies the allegations contained in Paragraph 87 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

88.     This Defendant denies the allegations contained in Paragraph 88 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

89.     This Defendant denies the allegations contained in Paragraph 89 of the Plaintiff's

Complaint and, therefore, demands strict proof thereof.

90.     This Defendant denies the allegations contained in Paragraph 90 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

91.     This Defendant denies the allegations contained in Paragraph 91 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

92.     This Defendant denies the allegations contained in Paragraph 92 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

93.     This Defendant denies the allegations contained in Paragraph 93 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

94.     This Defendant denies the allegations contained in Paragraph 94 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

95.     This Defendant denies the allegations contained in Paragraph 95 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

96.     This Defendant denies the allegations contained in Paragraph 96 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

97.     This Defendant denies the allegations contained in Paragraph 97 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

98.     This Defendant denies the allegations contained in Paragraph 98 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

99.     This Defendant denies the allegations contained in Paragraph 99 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

100.     Having previously responded to Paragraphs 1-99, this Defendant reasserts each as if fully contained herein.

101.    This Defendant denies the allegations contained in Paragraph 101 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

102.    This Defendant denies the allegations contained in Paragraph 102 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

103.    This Defendant denies the allegations contained in Paragraph 103 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

104.    This Defendant denies the allegations contained in Paragraph 104 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

105.    Having previously responded to Paragraphs 1-104, this Defendant reasserts each as if fully contained herein.

106.    This Defendant denies the allegations contained in Paragraph 106 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

107.    This Defendant denies the allegations contained in Paragraph 107 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

108.    This Defendant denies the allegations contained in Paragraph 108 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

109.    This Defendant denies the allegations contained in Paragraph 109 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

110.    This Defendant denies the allegations contained in Paragraph 110 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

111.    This Defendant denies the allegations contained in Paragraph 111 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

112.    This Defendant denies the allegations contained in Paragraph 112 of the Plaintiff's

Complaint and, therefore, demands strict proof thereof.

113.    This Defendant denies the allegations contained in Paragraph 113 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

114.    This Defendant denies the allegations contained in Paragraph 114 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

115.    This Defendant denies the allegations contained in Paragraph 115 of the Plaintiff's Complaint and, therefore, demands strict proof thereof.

116.    This Defendant, having fully responded to Plaintiff's Complaint denies that the Plaintiff to the relief prayed for in his "WHEREFORE" paragraph and, therefore, demands strict proof thereof.

## Third Defense

Justification existed at all times for the actions taken by this Defendant.  This Defendant states that at all times relevant to the allegations contained in Plaintiff's First Amended Complaint, he acted in good faith and in accordance with clearly established law.

## Fourth Defense

Any and all damages incurred by Plaintiff, if any, were the direct and proximate result of his own acts, and are in no way attributable to any wrongdoing on the part of this Defendant.

## Fifth Defense

This Defendant, at all times, acted within his legal rights in the conduct of all activities and with just cause.

## Sixth Defense

This Defendant asserts that Plaintiff's claims are barred by immunity, which includes, but is not limited to, qualified immunity, constitutional immunity, statutory immunity, absolute immunity,

and/or sovereign immunity. Accordingly, this Defendant raises so as not to waive the defenses of any and all immunities, protections, and/or other defenses provided to it by the United States Constitution, the Constitution of the State of West Virginia, Federal law and/or State law, and any and all applicable legal and/or statutory damages caps and defenses.

## Seventh Defense

Plaintiff's claims of negligence and harassment, if any, are not cognizable claims under *42 U.S.C.* § 1983. Furthermore, this Defendant hereby invokes any and all defenses and or immunities provided by *42 U.S.C.* §1983, *et. seq.* and any and all corresponding case law and statutes interpreting the same.

## Eighth Defense

Plaintiff is guilty of negligence or wrongdoing, which was equal to or exceeded any alleged negligence or wrongdoing of this Defendant and as such, Plaintiff is barred from recovery against this Defendant. Further, Plaintiff's First Complaint may be barred by the doctrine of comparative and/or contributory negligence. Plaintiff may be guilty of negligence that was the proximate cause of the injuries alleged, which was greater than the combined fault of all other persons, firms, corporations, or entities responsible for the total amount of damages, if any. As a result, Plaintiff may be barred from any recovery. To the extent Plaintiff's fault is less than the combined fault of all other persons, firms, corporations, or entities responsible for the total amount of damages, if any, this Defendant should be entitled to a reduction in any damages proportionate to such degree of fault.

## Ninth Defense

At all times material herein, this Defendant acted in an objective, reasonable manner and did not violate any legal rights of Plaintiff, of which this Defendant knew or in the exercise of reasonable diligence should have known. All actions taken by this Defendant were undertaken in

good faith and in an objectively reasonable manner and were not malicious or did not violate any clearly established duty, standards, laws, regulations or rules.

## Tenth Defense

This Defendant asserts that, to the extent that any of the following affirmative defenses are applicable based upon the evidence adduced in this matter, the following affirmative defenses are hereby invoked: contributory negligence, comparative negligence, assumption of the risk, sudden emergency; duress, waiver, *estoppel*, fraud, illegality, laches, license, payment, release, *res judicata*, acquiescence, running of the statute of limitations, lack of personal jurisdiction, lack of service of process, improper service of process, improper notice, improper venue, and any other matter constituting an avoidance or affirmative defense.

## Eleventh Defense

The allegations and claims asserted within Plaintiff's Complaint do not give rise to fee-shifting, nor are attorney fees able to be awarded and, accordingly, to the extent such are sought, such claim must be dismissed as a matter of law. Further, to the extent any fee-shift is present, it is limited because the Plaintiff was incarcerated at the time the Complaint was filed.

## Twelfth Defense

If Plaintiff sustained any injuries or damages as alleged in the Complaint, all of which this Defendant specifically deny, then such injuries and damages were caused or contributed to by reason of the negligence and/or intentional acts of Plaintiff.

## Thirteenth Defense

This Defendant reserves the right to file such cross-claims, counterclaims, and third-party Complaints and other pleadings as may be revealed to be appropriate through discovery, as well as

reserving the right to seek comparative contribution and/or indemnity against anyone, as this Defendant may prove appropriate.

## Fourteenth Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrine of "unclean hands".

## Fifteenth Defense

This Defendant did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless, or egregious conduct; consequently, there is no factual basis to support Plaintiff's claim and/or alleged damages.

## Sixteenth Defense

This Defendant asserts that Plaintiff, by his actions, may have failed to mitigate his alleged damages or, in the alternative, if Plaintiff has mitigated his damages, then this Defendant are entitled to have those mitigated damages credited to those amounts, if any, owed by him to Plaintiff.

## Seventeenth Defense

Plaintiff's claims may be barred by the applicable statute of limitations.

## Eighteenth Defense

This Defendant reserves the right to raise any additional affirmative defenses which may arise during the discovery of this matter, including comparative fault of unknown third-parties.

## Nineteenth Defense

Plaintiff's claims are barred by the doctrines of governmental, sovereign, and constitutional immunity as contained in Article IV, Section 35 of the Constitution of West Virginia and applicable case law.

## Twentieth Defense

All actions taken by this Defendant were privileged and such privilege bars any claims Plaintiff may have against them.

## Twenty-First Defense

There were legitimate reasons for all decisions made by this Defendant.

## Twenty-Second Defense

Plaintiff has not advanced adequate allegations to advance a civil rights lawsuit against this Defendant.

## Twenty-Third Defense

To the extent Plaintiff seeks to impose supervisory liability on this Defendant, Plaintiff has failed to advance a proper supervisory liability claim.

## Twenty-Fourth Defense

This Defendant asserts that dismissal is warranted pursuant to *28 U.S.C.* §§1915A, 1915(e) (2), *42 U.S.C.* § 1997e(c) and *F. R. Civ. P.* 12(b) (6).

## Twenty-Fifth Defense

Plaintiff has failed to exhaust administrative remedies.

## Twenty-Sixth Defense

The punitive damages Plaintiff seeks would violate this Defendant's rights under the United States Constitution, as more particularly explained hereafter:

A.      An award of punitive damages would violate this Defendant's rights to due process and equal protection as guaranteed by the 5th, 8th and 14th Amendments to the United States Constitution.  The very concept of punitive damages, whereby an award is made to a private plaintiff

not by way of compensation, but by way of a windfall, incident to punishing a Defendant, represents the taking of property without due process of law.

B.     A punitive damage award, and particularly one of the magnitude sought by the Plaintiff herein, would deprive these Defendants of their property without due process of law, in violation of the Fifth Amendment to the United States Constitution.  Further, such an award would violate the prohibition against excessive finds contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the 14th Amendment to the United States Constitution.

### Twenty-Seventh Defense

By virtue of the allegations and claims set forth in Plaintiff's Complaint and all of the defenses herein set forth, Plaintiff is not entitled to any punitive damages and attorney's fees and/or costs as alleged in the First Amended Complaint for the reasons that the alleged conduct, if any, of these Defendants cannot be determined in any manner to give rise to such damages and relief and/or be found to have been willful, wanton or reckless disregard for the rights of Plaintiff, nor did these Defendants negligently, willfully, wantonly, or recklessly commit any act and/or tortuous acts against Plaintiff.

### Twenty-Eighth Defense

This Defendant asserts his legal rights of indemnification (express and implied) and contribution against all other parties, individuals, or entities, including unnamed parties and entities.

### Twenty-Ninth Defense

Plaintiff's claims and damages, if any, asserted against this Defendant may be barred or limited to the extent that any potentially relevant evidence was spoliated before an opportunity to examine it fully was offered.

## Thirtieth Defense

Plaintiff's alleged damages are speculative in nature, and Plaintiff is not entitled to the recovery of any damages, which includes future damages, against this Defendant.

## Thirty-First Defense

This Defendant hereby incorporates all previously asserted affirmative defenses within these Defendant's respective Answers to Plaintiff's Complaint. Moreover, this Defendant reserves the right to rely upon and/or assert any affirmative defenses asserted and/or raised by any other Defendants and/or parties in this matter.

## Thirty-Second Defense

This Defendant reserves the right to amend this Answer, to assert additional affirmative defenses as facts supporting such defenses may become known to them during the course of discovery, to assert counterclaims, third-party complaints, cross-claims, notice of non-party at fault, and any other pleadings as may be revealed to be appropriate through discovery, as well as reserving the right to seek contribution and/or indemnification against anyone, as discovery may prove appropriate.

**THIS DEFENDANT HEREBY DEMANDS A TRIAL BY JURY.**

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendant Sgt. Muncy hereby moves this Court for entry of an Order dismissing the Plaintiff's Complaint and all other relief that this Court deems just and proper.

CORPORAL ARTHUR MUNCY,

By Counsel,

 /s/ John P. Fuller

John P. Fuller (WV Bar #9116)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia  25337-3710
T: 304.345.4222
F: 304.343.3133
jfuller@baileywyant.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**JOSHUA A. YOUNG,**

    **Plaintiff,**

**v.**

**CORPORAL ARTHUR MUNCY;**
**CAPTAIN RONNIE THOMPSON; and**
**BETSY JIVIDEN, Commissioner of the**
**West Virginia Division of Corrections and**
**Rehabilitation,**

    **Defendant.**

**Civil Action No. 2:19-cv-00559**
**Honorable Thomas E. Johnston**

### <u>CERTIFICATE OF SERVICE</u>

    **I HEREBY CERTIFY** that a true and correct copy of foregoing "**Answer and Affirmative Defenses of Defendant Corp. Muncy (Now Sgt. Muncy)**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, Monday, October 14, 2019:

Lydia C. Milnes
Mountain State Justice
325 Willey Street
Morgantown, WV 26505
*Counsel for Joshua A. Young*

William E. Murray
Anspach Meeks Ellenberger, LLP
900 Lee Street, East, Suite 1700
Charleston, WV 25301
*Counsel for Captain Ronnie Thompson and Betsy Jividen*

       **/s/ John P. Fuller**
       **John P. Fuller (WV Bar #9116)**
       **BAILEY & WYANT, PLLC**
       **500 Virginia Street, East, Suite 600**
       **Post Office Box 3710**
       **Charleston, West Virginia 25337-3710**
       **T: 304.345.4222**
       **F: 304.343.3133**
       **jfuller@baileywyant.com**