# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**JOSHUA A. YOUNG,**

    **Plaintiff,**

**v.**                                                                  **Civil Action No. 2:19-cv-00559**
                                                                          **Honorable Thomas E. Johnston**

**CORPORAL ARTHUR MUNCY;**
**CAPTAIN RONNIE THOMPSON; and**
**BETSY JIVIDEN, Commissioner of the**
West Virginia Division of Corrections and
Rehabilitation,

    **Defendant.**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CORPORAL ARTHUR MUNCY'S MOTION TO DIMISS

**COMES NOW**, the Defendant, Corporal Arthur Muncy (now Sgt. Muncy"), by his counsel, the law firm of Bailey & Wyant, PLLC and John P. Fuller, and in support of the Motion to Dismiss filed contemporaneously herewith shows this Court the following:

### I. FACTUAL AND PROCEDURAL HISTORY

At the time of the incident at issue, Plaintiff was a pretrial detainee at South Central Regional Jail and Correctional Facility but is currently an inmate housed at Salem Correctional Center. *See Complaint* ¶ 3. Plaintiff's allegations rise from an alleged interaction that occurred between Plaintiff and Mr. Muncy in Plaintiff's cell on April 25, 2018. *Id.,* at ¶¶ 31-35. Plaintiff alleges that Mr. Muncy grabbed Plaintiff's genitals, squeezed Plaintiff's genitals with force, and then threatened Plaintiff. *Id.* Plaintiff filed a Prison Rape Elimination Act ("PREA") complaint that was ultimately determined to be unfounded after investigation. *Id.,* at ¶¶ 40, 47. Plaintiff concedes that Plaintiff never filed a grievance regarding this incident. *Id.,* at ¶ 41.

Plaintiff further alleges that Mr. Muncy continues to harass and retaliate against Plaintiff for filing the PREA complaint. *Id.,* at ¶¶ 58-60. Specifically, Plaintiff alleges that Mr. Muncy retaliated against Plaintiff for filing a PREA complaint by having Plaintiff pack his belongings and leaving Plaintiff in an interview room overnight, by demanding Plaintiff exit the shower with no cause, and by grabbing and twisting Plaintiff's arm behind Plaintiff's back. *Id.* Plaintiff alleges to have filed a grievance on May 31, 2018 reporting these alleged actions by Mr. Muncy in retaliation for filing the PREA complaint. *Id.,* at ¶ 61.

Plaintiff now brings this suit to address Plaintiff's allegations. Plaintiff filed this suit on September 23, 2019 asserting three causes of actions against Mr. Muncy. Count I of the Complaint brings forth a 14th Amendment claim for excessive force. Count II of the complaint concerns an intentional infliction of emotional distress claim. Finally, Count III of the complaint alleges assault and battery. For the reasons set forth below, none of these three claims can withstand this Motion to Dismiss.

**II. LEGAL STANDARD**

"In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130 (1993) (citing *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991)). Nonetheless, the Fourth Circuit has noted, "[t]he court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "The inclusion of conclusory legal terms,

however, does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion, 'since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint.'" *Randall v. U.S.*, 30 F.3d 518, 522 (4th Cir.1994); *Trulock v. Freeh*, 275 F.3d 391, 405 n. 9 (4th Cir.2001).

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court follows a two-step approach: (1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and then (2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

For the first step, the complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal* 679.

For the second step, a court must take the remaining factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. See *Twombly* at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

## III. ARGUMENT

### A. Plaintiff's Claims based on 42 U.S.C. § 1983 and the United States Constitution must be dismissed as Plaintiff has failed to exhaust administrative remedies as required.

The Prison Reform Litigation Act ("PLRA") requires inmates to exhaust their administrative remedies before they bring a lawsuit. 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted. *Id.* The Supreme Court has interpreted the PLRA broadly, stating that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege *excessive force* or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) [emphasis added]. If a Plaintiff fails to exhaust administrative remedies, the case must be dismissed. See, *e.g.*, *Ferrell v. Miller*, No. 5:10-CV-01293m 2014 WL 131067, at *3 (S.D. W. Va. Jan. 10, 2014). "[T]here is no futility exception to the PLRA's exhaustion requirement." *Blake v. Rubenstein*, 2016 U.S. Dist. LEXIS 142927, at 47 (S.D. W. Va. April 5, 2016) (citing *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999)).

A particularly instructive case on the issue of the applicability of the PLRA is the United States Supreme Court's opinion in *Ross v. Blake*, 136 S. Ct. 1850 (2016). In *Ross*, the Supreme Court recognized that the language in & 1997e(a) is *mandatory*. *Id.* [emphasis added]. The court went on to recognize that mandatory exhaustion statutes like the PLRA established mandatory exhaustion regimes, foreclosing judicial discretion. *Id*. Accordingly, as the PLRA is a statutory mandate, it must be strictly followed.

In the instant matter, Plaintiff brings an excessive force claim under 42 U.S.C. § 1983. Importantly, Plaintiff **never** filed a grievance for the alleged incident where Plaintiff alleges that Mr.

Muncy forcefully grabbed Plaintiff's genitals. Although Plaintiff filed a grievance regarding Mr. Muncy's alleged continued harassment and retaliation through South Central's grievance system on or around May 31, 2018 (*See Complaint* ¶ 61), Plaintiff concedes the point that no further action has taken place revolving around this May 31, 2018 grievance. *Id.*, at ¶ 64.

Seeing that Plaintiff has only but filed a grievance in one instance and has not filed one at all in the other, it is clear that Plaintiff has not exhausted administrative remedies as required under the PLRA. It does not matter whether Plaintiff would have found it futile to attempt to exhaust administrative remedies. *Blake*, 2016 U.S. Dist LEXIS 142927, *47. Plaintiff must be found to be barred from bringing a claim under § 1983 due to the mandates in *Ross*. Accordingly, Defendant Mr. Muncy's Motion to Dismiss the constitutional claims asserted in the *Complaint* must be granted.

**B. Plaintiff's remaining claims must also be dismissed for failure to exhaust administrative remedies.**

The West Virginia Prison Litigation Reform Act ("WVPLRA") is similar to the PLRA in the sense that the WVPLRA requires inmates to exhaust their administrative remedies before they bring a lawsuit. W. Va. Code § 25-1A-1, *et seq*. The WVPLRA provides that an inmate must exhaust the administrative remedies promulgated by the correctional facility in which he is housed prior to initiating a civil action related to the conditions of his confinement, including actions under federal and state law and negligence actions. W.Va. Code §25-1A-2(c); s*ee also White v. Haines*, 217 W. Va. 414, 422 (2005). The United States District Court for the Southern District of West Virginia has dismissed several lawsuits on the basis of an inmate Plaintiff's failure to exhaust their administrative remedies. *See Freeland v. Ballard,* No. 2:14-cv-29445 (Doc. 83) (S.D.W.Va. Jan. 23, 2017); *Baker v. Hammons,* No. 2:15-cv-13849 (Doc. 47)(S.D. W.Va. Feb. 9, 2016); *Chinn v. Martin*, No. 2:16-cv-00080 (Doc. 73) (S.D.W.Va. Dec. 21, 2016); *Legg v. Craig Adkins*, No. 2:16-cv-01371(Doc. 64) (S.D.W.Va. Feb. 23, 2017) (each case dismissed for failure to exhaust administrative remedies).

"An ordinary administrative remedy includes, but is not limited to, complaints concerning food quality, health care, appeals of prison discipline, physical plant, classification, staff treatment or some other alleged wrong." W. Va. Code §25-1A-2(a). An inmate's administrative remedies are exhausted **only** after the inmate timely files a grievance and, if denied, timely appeals the decision to the Warden and then the Commissioner if denied by the Warden. *Id*. at § 25-1A-2(d); W.Va. C.S.R. §§ 90-9-3, 90-9-4, 90-9-5, 90-9-6. Furthermore, "a rejected grievance does not exhaust the grievance process or that step of the process." *Id.* at § 90-9-6.4.

Of particular importance, South Central Regional Jail follows the West Virginia Regional Jail and Correctional Facility Authority Policy and Procedure Statement regarding inmate grievance procedure. *See Inmate Grievance Procedure* attached hereto as **Exhibit A**. Procedure E of the Policy and Procedure Statement provides for the appeal procedure for an inmate who is dissatisfied as to the Administrator's decision with that inmate's grievance. *Id.* at p. 4. Such an inmate who wishes to appeal must do so in 5 days. *Id.*

Here, as previously stated in this argument, Plaintiff **did not** file a grievance for the alleged forceful grabbing of Plaintiff's genitals. Plaintiff, however, did file a grievance regarding Mr. Muncy's alleged continued harassment and received a response to the grievance Plaintiff received on July 7, 2018. *See Complaint* ¶¶ 61, 63. Despite this unfavorable response to Plaintiff's grievance, Plaintiff never pursued an appeal and does not assert in the Complaint that Plaintiff attempted to appeal the decision. It is abundantly clear that Plaintiff failed to exhaust administrative remedies prior to filing suit. Therefore, it is proper for this Court to enter an *Order* dismissing all of Plaintiff's claims against Defendant Mr. Muncy, with prejudice, for Plaintiff's failure to exhaust administrative remedies.

### C. Plaintiff's allegations of harassment and retaliation do not rise to constitutional violations.

In the Complaint, Plaintiff alleges Mr. Muncy retaliated and harassed Plaintiff for filing a PREA complaint by having Plaintiff back Plaintiff's belongings and leaving Plaintiff in an interview room overnight, by demanding Plaintiff exit the shower with no cause, and by grabbing and twisting Plaintiff's arm behind Plaintiff's back. *See Complaint* ¶¶ 58-60, 80. However, none of these alleged actions rise to a constitutional violation.

Pre-trial detainee claims of excessive force are analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *McKelvey v. W. Reg'l Jail*, No. 3:13-cv-22206, 2016 U.S. Dist. LEXIS 37694, at *40 (S.D. W. Va. Jan. 6, 2016); *Bell v. Wolfish*, 441 U.S. 520, 537 n. 16, 99 S. Ct. 1861, 60 L.E.2d 447 (1979); *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 250 (4th Cir. 2005). "[N]o particular extent of physical injury is required to establish an excessive force claim under ... the Fourteenth Amendment"; rather, the amount of physical force applied is what counts. *Id.; Sawyer v. Asbury,* 537 F. App'x 283, 290 (4th Cir. 2013) (citing *Wilkins v. Gaddy,* 559 U.S. 34, 39, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010)). The test to determine excessive force for pre-trial detainees is an objective one and the plaintiff must demonstrate "that the force purposely or knowingly used against him was objectively unreasonable." *Id.* (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473, 192 L.Ed.2d 416 (2015)). Although the objective analysis for the Fourteenth Amendment is used in determining whether excessive force was used against a pre-trial detainee, the factors used in this objective analysis are similar to the factors used in an Eighth Amendment excessive force claim. *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *Aliff v. W. Va. Reg'l Jail & Corr. Facility Auth*., No. 2:15-cv-13513, 2016 U.S. Dist. LEXIS 131310, at *19 (S.D. W. Va. Sep. 26, 2016).

> **i. Deprivation of bedding and a mattress for one night is not an Eighth Amendment violation, therefore it fails to rise to a Fourteenth Amendment violation.**

Plaintiff's deprivation of a bed and mattress for one night simply does not rise to the level of a constitutional violation. Courts have held "[t]emporary deprivations of hygiene products, mattresses, and bedding do not rise to the level of an Eighth Amendment violation." *Murray v. Withrow*, No. 2:18-cv-00942, 2019 U.S. Dist. LEXIS 165084, at *7-8 (S.D. W. Va. Sep. 26, 2019) (citing *Ash v. Greenwood*, No. 2:17-CV-03022, 2018 U.S. Dist. LEXIS 148159, 2018 WL 4201398, at *6 (S.D.W. Va. Aug. 30, 2018). "[D]epriving a prisoner of bedding and a mattress for 24 hours cannot serve as the basis for an Eighth Amendment claim under either the subjective or *objective prong*." *Id.* at *10 [emphasis added].

Here, Plaintiff alleges that Plaintiff was left without bedding and a mattress for one night. This simply does not rise to the level of a Constitutional violation as it fails to rise to an Eighth Amendment violation. Taking into account that this Court has found that such an alleged deprivation does not rise to an Eighth Amendment violation, and because the objective analysis factors in claims for the Eighth and Fourteenth Amendments are similar, such a deprivation in this instance fails to rise to a Fourteenth Amendment violation. Accordingly, allegedly depriving Plaintiff of bedding and a mattress for one night cannot serve as a basis for a Fourteenth Amendment claim.

> **ii. Courts from other jurisdictions have found that such a deprivation of bedding for a short period of time does not constitute a Fourteenth Amendment claim.**

Although a temporary deprivation of bedding for one night does not rise to a Fourteenth Amendment violation because it fails to rise to the level of an Eighth Amendment violation, a number of courts have found that such a temporary deprivation fails to rise to a Fourteenth Amendment violation anyway. For example, the Court in *Coleman v. Hodges* held that the pre-trial detainee was found to have failed to state a claim upon which relief could be granted in regard to being denied a mattress for four days. Civil Action No. 18-1152, 2018 U.S. Dist. LEXIS 204093, at

*19 (W.D. Pa. Nov. 30, 2018); see also *Knight v. Wapinsky*, 3:12-CV-2023, 2013 U.S. Dist. LEXIS 29984, 2013 WL 786339, at *5-6 (M.D. Pa. Mar. 1, 2013) (there was no constitutional violation for such a deprivation without Plaintiff alleging unsafe or unsanitary conditions or alleging Plaintiff suffered harm); *Brookins v. Williams*, 402 F. Supp. 2d 508 (D. Del. 2005) (five day deprivation for pre-trial detainee did not violate the Fourteenth Amendment); *Davis v. Glanz*, 15-CV-011-TCK-FHM, 2015 U.S. Dist. LEXIS 19758, 2015 WL 729696, at *3-4 (N.D. Okla. Feb. 19, 2015) (a deprivation of 10 days and a deprivation of 7 days later on did not rise to a Fourteenth Amendment violation); *Payton v. Gusman*, No. 12-2578, 2013 U.S. Dist. LEXIS 144775, 2013 WL 5530280, at *8 (E.D. La. Oct. 7, 2013) (a deprivation of 3 days was not a Fourteenth Amendment violation); *Desroche v. Strain*, 507 F.Supp.2d 571 (E.D. La. 2007) (a deprivation of 10 days was found to be insufficient to raise a Fourteenth Amendment claim); *Thompson v. Brown*, C/A No. 3:11-318-TMC-JRM, 2011 U.S. Dist. LEXIS 139704, 2011 WL 6012592, at *1-2 (D.S.C. Nov. 8, 2011) (deprivation of mattress and blanket for 6 days failed to rise to a Fourteenth Amendment violation.)

What Plaintiff claims here clearly cannot rise to the level of a Fourteenth Amendment violation. Plaintiff here has only alleged that Plaintiff was deprived bedding and a mattress for one night. This alleged temporary deprivation is a much shorter period of time than other alleged deprivations where courts have failed to find a constitutional violation. Therefore, this specific allegation Plaintiff alleges here cannot be the basis of a Fourteenth Amendment claim.

### iii. Plaintiff has no constitutional right to shower however long Plaintiff desires.

Plaintiff further alleges that Mr. Muncy demanded Plaintiff to exit the shower with no cause as a further basis for Plaintiff's Fourteenth Amendment claim. However, Plaintiff has no right to shower for however long Plaintiff desires to shower and is not entitled to an explanation as to why Plaintiff cannot shower further. Regardless, courts have found that a temporary deprivation of

showering fails to state a claim under the Fourteenth Amendment. *See* Coleman v. Hodges, Civil Action No. 18-1152, 2018 U.S. Dist. LEXIS 204093, at *22 (W.D. Pa. Nov. 30, 2018) (where a deprivation of four days was failed to a state a claim under the Fourteenth Amendment*); Best-Bey v. Pennsylvania*, CIV.A. 06-5515, 2008 U.S. Dist. LEXIS 3540, 2008 WL 161214, at *6 (E.D. Pa. Jan. 16, 2008) (where a deprivation of 3 days failed to state a claim under the Fourteenth Amendment); *Barnes v. County of Monroe*, 85 F. Supp. 3d 696, 738-39 (W.D.N.Y. 2015) (where four days without a shower failed to constitute a constitutional deprivation); *Flake v. Peck*, No. 9:12-cv-00517 (MAD/ATB), 2014 U.S. Dist. LEXIS 44641, 2014 WL 1289582, at *22 (N.D.N.Y. Mar. 31, 2014) (where four days without a shower failed to establish a constitutional violation and, further, that a deprivation of up to two weeks have failed to state a claim.)

In the instant matter, Plaintiff was not denied the right to shower. Plaintiff here only alleges that Plaintiff was ordered to get out of the shower without cause. As Plaintiff was never deprived of being able to shower in the first place, Plaintiff's allegation here must fail to state a claim under the Fourteenth Amendment.

    **iv. Plaintiff's conclusory allegation that Defendant twisted Plaintiff's arm behind Plaintiff's back does not constitute excessive force.**

The Supreme Court established that courts must consider "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting" when performing the objective analysis of whether excessive force was used in a Fourteenth Amendment claim. *Kingsley*, 135 S. Ct. 2466, 2473, 192 L.Ed.2d 416 (2015). Here, the plaintiff has only made a conclusory allegation that Mr. Muncy twisted Plaintiff's arm behind Plaintiff's back in retaliation for Plaintiff's filing of a PREA complaint. Plaintiff's conclusory allegation only addresses the first

factor to be considered in determining whether excessive force was used. Plaintiff has failed to allege enough to sustain an excessive force claim in the present matter. Accordingly, this allegation must fail to be a basis for an excessive force claim under the Fourteenth Amendment without more.

    **D. Plaintiff cannot establish all of the elements necessary to bring an intentional infliction of emotional distress claim.**

Although Plaintiff will be barred from bringing this claim since Plaintiff failed to exhaust administrative remedies, the extent that Plaintiff alleges intentional infliction of emotional distress on the basis that Plaintiff was left in an interview room overnight, that Plaintiff was demanded to exit the shower with no cause, and that Plaintiff's arm was grabbed and twisted behind Plaintiff's back, Plaintiff cannot establish the necessary elements to bring a claim for intentional infliction of emotional distress.

In order to prove a claim for intentional infliction of emotional distress, Plaintiff must show the following: "(1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could expected to endure it." Syl. Pt. 3, *Travis v. Alcon Laboratories, Inc.*, 504 S.E.2d 419 (W. Va. 1998). These elements present a high bar to recovery. *Murray v. Withrow*, No. 2:18-cv-00942, 2019 U.S. Dist. LEXIS 165084, at *12 (S.D. W. Va. Sep. 26, 2019) (citing *Courtney v. Courtney*, 186, W. Va. 597, 413 S.E.2d 418, 423 (W. Va. 1991)) ("conduct that is merely annoying, harmful of one's rights or expectations, uncivil, mean—spirited, or negligent does not constitute outrageous conduct.").

Here, Plaintiff clearly cannot establish the final element necessary to bring an intentional

infliction of emotional distress cause of action. Plaintiff was incarcerated at South Central Regional Jail at the time these alleged actions were taken against him. It is completely reasonable for an inmate to be temporarily deprived of a mattress and bedding for a short period, to be forced out of the shower without cause, and to be restrained by a correctional officer. The distress Plaintiff allegedly endured was not so severe that no reasonable person could be expected to endure it. Accordingly, to the extent that these allegations serve as the basis for Plaintiff's intentional infliction of emotional distress claim, they must fail.

### E. Assault and Battery

**See section B. above.**

### F. To the extent declaratory and injunctive relief are requested, the request must fail as it is a moot point.

Plaintiff's claims for declaratory and injunctive relief in Plaintiff's Prayer are moot. "When a case or controversy ceases to exist because the issue is no longer live or a party lacks a legally cognizable interest in the outcome preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 4 (E.D. Va., Dec. 2, 2011)(*citing, Powell v. McCormack*, 395 U.S. 486, 496 (1969); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). "[T]he transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." *Taylor*, 2011 WL 6024499 4; *see also, Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). In *Rendellman*, the Court stated that "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Id.*

Plaintiff's allegations rise out of his incarceration at South Central Regional Jail. *Complaint* ¶ 3. Plaintiff is no longer incarcerated at South Central Regional Jail. *Id.* At the time of filing this

Complaint, Plaintiff has been incarcerated at Salem Correctional Center. *Id*. Based upon Plaintiff no longer being incarcerated at South Central Regional Jail, all forms of declaratory and injunctive relief sought from this Honorable Court should not be moot.

**G. Defendant is entitled to qualified immunity under the Fourteenth Amendment because the actions of the Defendant did not violate a clearly established law.**

To the extent that alleged PREA violations are a basis for Plaintiff's Fourteenth Amendment claim, they must fail as this Defendant is entitled to qualified immunity as no clearly established law has been violated.

Qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800 (1982). Both the Supreme Court of the United States and the United States Court of Appeals for the Fourth Circuit have noted that, "[q]ualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Willingham v. Crooke*, 412 F.3d 553, 559, (4th Cir. 2005) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Qualified immunity is designed to protect public officials from the threat of litigation resulting from difficult decisions. See e.g., *Clark v. Dunn*, 465 S.E.2d 374 (W.Va. 1995). In order to sustain a viable claim against a state agency or its employees or officials acting within the scope of their authority sufficient to overcome this immunity, it must be established that the agency employee or official knowingly violated a clearly established law, or acted maliciously, fraudulent or oppressively. *Parkulo v. W. Va. Bd. of Probation*, 482 S.E.2d 507, 524 (W. Va. 1996).

In *W. Va. Reg'l Jail & Corr. Facility Auth. v. A. B*, in order to defeat qualified immunity for the WVRJCFA, the respondent plaintiff argued that WVRJCFA violated the PREA, thereby violating a clearly established law. 234 W. Va. 492, 515, 766 S.E.2d 751, 774 (2014). The Supreme

Court of Appeals disagreed with this argument and found that "the PREA merely 'authorizes grant money, and creates a commission to study the [prison rape] issue… The statute does not grant prisoners any specific rights.'" *Id.* (internal citations omitted). The Supreme Court of Appeals further stated that "neither the PREA, nor the standards promulgated at its direction, provide respondent with an adequate basis upon which to strip the WVRJCFA of its immunity. *Id.*

It is clear then that the alleged violations of the PREA in this instant matter did not violate a clearly established law. PREA does not provide a private cause of action for inmates; it is only a vehicle for state agencies to receive federal money for compliance with its guidelines. Accordingly, to the extent that Plaintiff argues that these alleged violations of PREA can serve as a basis for Plaintiff's Fourteenth Amendment claim against this Defendant, this argument must fail and this Defendant is entitled to qualified immunity for these allegations.

## IV. CONCLUSION

**WHEREFORE**, in light of the foregoing, Defendant Corporal Arthur Muncy prays that this Honorable Court **GRANT** this Motion and **DISMISS** the Complaint **WITH PREJUDICE** and further award this Defendant any and all other relief that this Honorable Court deems just and proper.

                                                      **CORPORAL ARTHUR MUNCY,**

                                                      **By Counsel,**

 **/s/ John P. Fuller**
**John P. Fuller (WV Bar #9116)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**jfuller@baileywyant.com**

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**JOSHUA A. YOUNG,**

    Plaintiff,

v.                                              **Civil Action No. 2:19-cv-00559**
                                              **Honorable Thomas E. Johnston**

**CORPORAL ARTHUR MUNCY;**
**CAPTAIN RONNIE THOMPSON; and**
**BETSY JIVIDEN, Commissioner of the**
**West Virginia Division of Corrections and**
**Rehabilitation,**

    Defendant.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing **Memorandum of Law in Support of Defendant Corporal Arthur Muncy's Motion to Dismiss**" was served upon the following parties through the Courts Electronic Case Filing (ECF) system on this day, Monday, November 4, 2019:

Lydia C. Milnes
Mountain State Justice
325 Willey Street
Morgantown, WV 26505
*Counsel for Joshua A. Young*

William E. Murray
Anspach Meeks Ellenberger, LLP
900 Lee Street, East, Suite 1700
Charleston, WV 25301
*Counsel for Captain Ronnie Thompson and Betsy Jividen*

                                                      /s/ John P. Fuller
                                               **John P. Fuller (WV Bar #9116)**
                                               **BAILEY & WYANT, PLLC**
                                               **500 Virginia Street, East, Suite 600**
                                               **Post Office Box 3710**
                                               **Charleston, West Virginia 25337-3710**
                                               **T: 304.345.4222**
                                               **F: 304.343.3133**
                                               jfuller@baileywyant.com